## BENTON v. BENTON et al.
### No. 7648.

Court of Civil Appeals of Texas. Austin.
Nov. 18, 1931.

Rehearing Denied Dec. 16, 1931.

R. L. Graves, of Brownfield, and Guy R. Mobley, of San Angelo, for appellant.

Upton & Upton, of San Angelo, for appellees.

BLAIR, J.

This litigation arose out of the following facts: P. G. Benton and Mattie D. Benton were husband and wife. During their marriage, section 82, S. P. Railroad Company land, containing 663 acres in Tom Green county, was conveyed to P. G. Benton, who died in 1922. After his death his widow brought suit (being cause No. 5114 in district court, Tom Green county) for partition of the 663 acres of land against D. F. Benton and A. G. Benton, children of P. G. Benton by a former marriage with Juinetta Benton, deceased, and against J. A. Benton, Wm. Benton, and Nettie McCullough, children of a deceased son of P. G. Benton of his former marriage; and the defendants in the abovementioned suit will be hereinafter referred to as the Benton heirs. Before the case was tried, Mattie D. Benton, plaintiff, died, and left a will by which all her property was devised to J. J. Powell, who probated the will and was substituted as plaintiff in the partition suit. All defendants, including Wm. Benton, answered, setting up various defenses to the partition suit; among them being the following with respect to the ownership of the 663 acres:

"For further answer herein come the defendants and show the court that, while it is true that at the time of his death, P. G. Benton, the father and grandfather respectively of these defendants was in possession of the lands described in plaintiff's second amended petition, and while the record title to said land was in the name of P. G. Benton, deceased, yet that in truth and in fact the said P. G. Benton did not own said land, but that he only held the title thereto in trust for the defendants in this suit; that said section of land was in fact purchased by him with money received from the sale of property owned by his deceased first wife, the mother and grandmother respectively of these defendants, Juinetta Benton, which lands and property had theretofore been given to her and inherited by her from the estate of her father, David Fulbright, and which property was the separate property of the said mother and grandmother of these defendants; and that the only interest owned or claimed in said land in plaintiff's petition described by the said P. G. Benton was a life estate, and that he merely held title thereto in trust for these defendants. Wherefore defendants say that neither Mattie Benton during her lifetime, nor this plaintiff has or ever had any interest in the said lands or in the rents and revenues derived therefrom, but same has at all times since the death of the said P. G. Benton been the property of these defendants."

The sheriff's return recited that Wm. Benton was duly served with citation in the cause, and he being a minor 18 years of age at the time, a guardian ad litem was appointed by the court, who answered for him and adopted all pleadings and answers of his codefendants. The judgment recites as follows:

"On this the 30th day of May, 1927, came on to be heard the above entitled and numbered cause, and both plaintiff and defendants appeared in person and by their attorneys, and the said William Benton, a minor appeared in person and by his guardian ad litem, W. A. Anderson, who was heretofore appointed to represent said minor, and all parties announced ready for trial, and a jury of twelve good and lawful men having been impanelled and sworn as made and provided by law, and after reading the pleadings and after all testimony had been introduced the parties agreed to withdraw same from the jury and submit the matters of fact as well as of law to the court, and the court, after hearing the pleadings, evidence, and argument of counsel is of the opinion and so finds that plaintiff and defendants are the sole owners of and are entitled to partition and division of the land described in plaintiff's petition, the plaintiff J. J. Powell being entitled to one-half of said land and the defendants D. F. Benton being entitled to 3/18, A.

C. Benton $\frac{3}{18}$, Nettie McCullough $\frac{1}{18}$, J. A. Benton $\frac{1}{18}$, and William Benton $\frac{1}{18}$. * * *

"And the Court further finds that said land is susceptible to partition and division in kind, which lands are described as follows, to-wit:

"Being six hundred and sixty-three (663) acres of land situated and described as follows."

The report of the commissioners appointed set apart 301½ acres of land to J. J. Powell, and the remainder to the defendants jointly, and this report of the commissioners was confirmed by the judgment of the court June 11, 1927. In July, 1930, Wm. Benton brought this suit in the district court of Terry county for a partition of the 301½ acres of land awarded to J. J. Powell in the partition suit against the remaining Benton heirs, alleging that the same belonged to the Benton heirs under a resulting trust agreement which arose out of the fact that the land had been purchased with the separate funds of Juinetta Benton, deceased, who was the first wife of P. G. Benton, and under agreement between P. G. Benton and his aforementioned children of the first marriage that he would take title to the land in his name in trust for them, and that he and his second wife, Mattie D. Benton, would use the land until their death; and J. J. Powell and Lee McCall were made parties defendant under the allegation that they were asserting some claim or interest in the land. Powell and McCall filed pleas of privilege, and the cause was transferred to the district court of Tom Green county, in which the judgment of partition had theretofore been rendered in cause No. 5114, supra. The defendants J. J. Powell and Lee McCall filed pleas in abatement and answers that all matters in controversy had been adjudicated in the above partition of the land, and attached to said pleas and answers copies of the various pleadings, judgments, and decrees as were filed and entered in cause No. 5114, in the district court of Tom Green county, Tex. By a second supplemental petition Wm. Benton answered the pleas in abatement and pleas of res adjudicata, and alleged as follows:

"Further replying to the allegations contained in said answer and plea in abatement this plaintiff says that he was not a party to the suit of J. J. Powell, V. D. F. Benton, et al., No. 5114 on the docket of the District Court of Tom Green County, he never having been served with process in said cause, and that at the time of the trial of said cause as stated and set up in said answer and plea in abatement as set up in defendants' answer, that this plaintiff was a minor, without a legal guardian, and that if the court, without notice did appoint an attorney ad litem to represent him, which authority this plaintiff denies, that said attorney, in disregards

to this plaintiff's rights and in violation of the obligations and duties imposed on him as such, voluntarily and without authority in law agreed to the proceedings as set out in said answer, and that the matters and things therein set out in the answer as being the answer of this plaintiff by his attorney ad litem, has never been submitted to a court but that the judgment, if any rendered against him, was without authority of law and was an agreed verdict and judgment of the court in disregards to the rights of this plaintiff and in no wise binding upon this plaintiff."

After hearing the evidence on the issues thus joined by the pleadings, the trial court entered the following judgment:

"On this the 9th day of February, 1931, came on to be heard the above entitled and numbered cause, the plaintiff, William Benton appeared in person and by his attorney, the defendants, J. J. Powell and Lee McCall appeared in person and by their attorneys, both plaintiff and defendants announced ready for trial on the defendant's, J. J. Powell and Lee McCall, plea. The jury being waived, the matters of fact as well as of law were submitted to the Court, and after hearing the pleadings, the evidence and argument of counsel, the court is of the opinion and so finds that the law and facts are with said defendants, and that all of the matters set out in plaintiff's petition were finally adjudicated in the case of J. J. Powell vs. D. F. Benton et al., No. 5114, in the District Court of Tom Green County, Texas, and that all of the land described in plaintiff's petition passed to and is now owned by the defendants, J. J. Powell and Lee McCall, and that plaintiff has no right, title or interest in and to said land.

"It is therefore ordered, adjudged and decreed by the court that the defendant's plea of res adjudicata be, and the same is hereby sustained and that plaintiff, William Benton's right, title and interest in and to the south 301½ acres of Section 82, District 11, S. P. Ry. Co. land, situated in Tom Green county, Texas, was awarded to and is now owned by the defendants, J. J. Powell and Lee McCall, free from any lien or claim of any kind or character by the plaintiff, William Benton, and that he takes nothing by this suit, and the defendants are discharged with their costs."

■ The pleadings, orders, judgments, and records in the cause of J. J. Powell v. J. A. Benton et al., No. 5114 in the district court of Tom Green county, were introduced in evidence on the hearing of the pleas and answers in abatement and of res adjudicata. The sheriff's return showed that Wm. Benton had been duly served with citation in the former suit. The judgment recited that he appeared in person and by guardian ad litem in the trial

of the suit. Wm. Benton testified that he was not served with citation and that he was not personally present at the trial and knew nothing of a guardian ad litem being appointed to represent him. D. F. Benton, an uncle of appellant Wm. Benton, testified that the citation for Wm. Benton was left by the deputy sheriff with him, and that Wm. Benton was working in witness' field at the time and was not personally served with citation, and that Wm. Benton was not personally present at the trial. The record shows that the guardian ad litem was appointed after the sheriff's return showed that Wm. Benton had been served with citation. The attorney for J. J. Powell in the partition suit testified that at the conclusion of the evidence all adult parties agreed upon a judgment, but that he and the guardian ad litem submitted the rights of the minor Wm. Benton to the court, and that the court entered the judgment above set out after hearing. the case fully. Wm. Benton thereafter sold the part of the land awarded to him by the judgment, and then brought this suit to partition the 301½ acres awarded to J. J. Powell by the judgment. This oral evidence is in direct conflict with and contradictory of the record and judgment recitals in the partition suit. District Judge John F. Sutton tried both cases, and after hearing the evidence found and concluded that the judgment in the partition suit was res adjudicata of all matters in controversy in this suit. This finding and conclusion upon conflicting testimony is binding upon this court.

Manifestly the trial court considered the proceedings here as a direct attack upon the judgments in the former partition suit, and, after hearing the testimony of appellant, found and concluded that all matters had been finally adjudicated in the former suit, and the question of whether this was a direct or collateral attack upon that judgment becomes immaterial, and the judgment will be affirmed.

Affirmed.

### On Motion for Rehearing.

By his motion for a rehearing appellant contends that the trial court did not dispose of the pleas in abatement and of res adjudicata upon their merits, but disposed of them "upon the ground that this proceeding was a collateral attack upon the judgment in the former partition suit." This contention is not sustained by the record. Appellant brought the suit attacking the validity of the former judgment because he had not been served with citation. The statement of facts contains the testimony of witnesses to the effect that appellant was not served with citation. The sheriff's return showed that he was duly served with citation before the guardian ad litem was appointed to defend him. The guardian ad litem answered for appellant, raising the defense urged as a meritorious defense in this proceeding, and the judgment recites that appellant appeared in person and by guardian ad litem on the hearing of the former suit. The bills of exception show that the trial judge, before whom the pleas were tried without a jury, sustained appellees' exception to the oral testimony that appellant had not been served with citation "upon the ground that it was an attempt to impeach the returns of the officer, also an attempt to make a collateral attack upon the judgment." The entire evidence which appellant claims was excluded under this ruling of the court appears in the statement of facts; and the judgment recites that all matters of fact as well as of law were submitted to the court, a jury being waived, and that the court found and concluded that all matters urged in this suit were finally adjudicated in the former partition suit. The record evidence fully sustains the finding and conclusion of the trial court that appellant was duly served with citation in the former partition suit, and the mere fact that the court may have given erroneous reasons for not considering the oral testimony to the effect that appellant had not been served with citation will not reverse the judgment rendered upon sufficient evidence, absent further showing that the trial court would not have rendered the judgment but for the erroneous reasons given for not considering the oral testimony. Moreover, the effect of the recitation in the bills of exception that the oral testimony "was an attempt to impeach the returns of an officer," was, in view of the recitals, findings of fact, and conclusions set out in the judgment, that the trial court gave greater weight and credence to record evidence than to the contradictory oral testimony which appears in the statement of facts.

The motion is overruled.

Overruled.